THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARREN BRYAN WALKER, Defendant-Appellant.

Fourth District  No. 4—89—0396

Opinion filed February 22, 1990.

Daniel D. Yuhas, Charles M. Schiedel, and Peter L. Rotskoff, all of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On March 30, 1989, the circuit court of Macon County entered judgment on a jury verdict returned finding defendant Darren Bryan Walker guilty of the offenses of unlawful possession of cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 704(d)) and unlawful possession of cannabis with the intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 705(d)). The court subsequently vacated the former conviction and sentenced defendant to five years' imprisonment for his conviction of unlawful possession with the intent to deliver.

Defendant now appeals, contending (1) the trial court erred in allowing the introduction of evidence of other crimes, and (2) the State failed to prove him guilty beyond a reasonable doubt of unlawful possession with the intent to deliver. For the reasons hereinafter stated, we affirm.

The evidence introduced at trial revealed that, on October 21, 1988, the Macon County sheriff's department executed a search warrant at defendant's place of residence. The officers used a canine unit to conduct the search and were alerted to a blue suitcase located in a closet of a southwest bedroom of the premises. Defendant's mother identified that particular bedroom as defendant's bedroom. She further indicated she recognized the blue suitcase as one she had given defendant in April or May 1988 after he had lost his own suitcase.

Upon opening the suitcase in question, the officers discovered seven small, clear plastic bags located inside a larger clear plastic bag. Each bag contained a green, leafy substance which the officers believed to be cannabis. The officers also found an envelope addressed to Darren Walker inside the suitcase. It was later determined the suitcase contained 155 grams of cannabis.

Defendant's brother Adam Walker identified the blue suitcase as the one in which defendant stored "pot." Adam Walker testified defendant kept the suitcase in his closet and gave Adam a key to it so he could examine or retrieve pot from it whenever he wanted. Adam Walker admitted he personally used cannabis given to him by defendant.

Over strenuous defense objection, Adam Walker also stated he had been present in his home on two separate occasions when defendant had sold cannabis to others. He recalled one incident when a girl came over to the house with several other persons and asked defendant if he had some pot for sale. He said defendant responded affirmatively, and he and defendant then went and retrieved the substance from defendant's bedroom. They returned to the kitchen and proceeded to sell a sandwich bag containing a crushed green substance to the girl.

Keith Long also testified over defense objection that he was acquainted with defendant and had gone to his residence on several occasions. Long said he first went to the Walker home with a friend of his on October 9 or 10, 1988, because his friend wanted to pick up some marijuana which he claimed Adam Walker owed him. When they arrived at that home, Adam Walker was not there. Long stated his friend talked with defendant, and defendant told him he would give him the amount Adam owed him. He stated defendant went into his

house and retrieved a nickel bag of a green substance for Long's friend.

Long testified his next trip to the Walker residence occurred a day or two later when he and his friends brought defendant a "potential customer." He explained defendant had previously asked him and his friends if they would sell marijuana for him, from which sales they would receive part of the profit. Long described the situation already testified to by Adam Walker in which Adam and defendant obtained a big baggie of marijuana from a bedroom and sold a girl a smaller baggie of marijuana for $50. The girl also testified at trial over defense objection and corroborated the testimony concerning this transaction.

Long further stated that, after the girl left defendant's house on that particular occasion, defendant told him and his friends they had "proven" themselves to him, and he would "front" them a couple of bags. Long said defendant gave them two, one-ounce bags and told them he wanted a total of $50 for each one.

Long said he and his friends returned on October 14, 1988, to pick up two more bags of marijuana from defendant because they thought they could sell all four bags. He testified defendant told them he would give them the bags they wanted. He said defendant retrieved a large bag from his garage, which bag contained about 15 or 20 smaller rolled-up bags, and handed them the two bags they had requested.

Defendant now claims his due process rights were violated and he was denied a fair trial because the trial court allowed in evidence of other marijuana transactions between defendant and others to prove he intended to deliver the marijuana found in his possession. He maintains the evidence had no probative value and, even if it did, its prejudicial effect far outweighed its value. We disagree.

■■ Evidence of the commission of other crimes is admissible when it is relevant to prove *intent, modus operandi,* identity, motive, or absence of mistake. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821.) It is inadmissible where such evidence is relevant merely to establish a defendant's propensity to commit crime. *People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.

■■ The evidence presented here clearly was relevant to prove defendant's intent to deliver the marijuana found in his possession on October 21, 1988. The witnesses who testified described a recent encounter with defendant in which he retired to his bedroom, returned with a large bag of cannabis, and sold a smaller bag of the substance to another. The officers testified at trial they discovered a large bag

containing several smaller bags of cannabis in a suitcase in defendant's bedroom. The evidence of past sales bore a close relationship to the offense for which defendant was on trial and was indicative of his intent to deliver the substance in the future.

We recognize the evidence presented was somewhat cumulative, in that three different witnesses testified in detail concerning one prior delivery of drugs by the defendant. However, because that evidence went directly to the heart of the question of defendant's intent, we conclude the evidence did not unduly prejudice him, and the trial court did not abuse its discretion in allowing it in.

Defendant also argues the State failed to prove him guilty beyond a reasonable doubt of the offense of possession of cannabis with the intent to deliver. He emphasizes the amount of marijuana found in his possession was relatively small. Furthermore, the officers found no other items, such as scales, weapons, or large amounts of cash, which might indicate an intent to deliver.

A jury's determination of guilt should not be disturbed on review where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) Here, the evidence showed officers found 155 grams of cannabis segregated into seven separate baggies in defendant's bedroom and that defendant had recently sold a baggie of a similar substance, which he had obtained from his bedroom. We conclude the evidence was sufficient to support defendant's conviction for unlawful possession of cannabis with the intent to deliver.

For the reasons stated, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

KNECHT, P.J., and STEIGMANN, J., concur.