THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE 1979 CHEVROLET C-20 VAN, Defendant (Elizabeth Anderson, Claimant-Appellee).

Second District   No. 2—92—0667

Opinion filed August 16, 1993.

David R. Akemann, State's Attorney, of Geneva (Mark C. Monaco, Assistant State's Attorney, and William L. Browers, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, and Wilson Burnell, both of Aurora, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The State appeals the circuit court's entry of summary judgment in favor of claimant, Elizabeth Anderson, in the State's forfeiture pro-

ceeding under the Cannabis Control Act (Ill. Rev. Stat. 1987, ch. 56½, par. 701 *et seq.* (now codified, as amended, at 720 ILCS 550/1 *et seq.* (West 1992))). The State contends that claimant's van is subject to forfeiture and that the summary judgment should be reversed because: (1) the court erred in finding that claimant's acquittal of criminal charges bars the forfeiture proceeding; and (2) the court erred in finding that the State did not institute the proceeding promptly.

On June 6, 1988, the Batavia police arrested claimant for driving under the influence of alcohol. During an inventory search of the van she was driving, the police discovered over 100 grams of marijuana in four packages under the driver's seat and a marijuana smoking pipe alongside the seat. The police also found a gram scale in claimant's purse. Claimant was charged with possession of marijuana with the intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 705(d) (now 720 ILCS 550/5(d) (West 1992))) and possession of marijuana (Ill. Rev. Stat. 1987, ch. 56½, par. 704(d) (now 720 ILCS 550/4(d) (West 1992))). The Batavia police department took custody of the van. Four days later, the Batavia police department requested that the Federal Bureau of Investigation (FBI) initiate forfeiture proceedings. On June 10, the FBI began administrative proceedings, and five days later the Batavia police department relinquished control of the van. Claimant received notification of the Federal administrative proceeding, and she informed the United States Attorney's office that she wished to contest it.

On September 22, 1988, the State filed a complaint for forfeiture of the van. The United States Attorney did not file the Federal forfeiture action until October 27, 1988. The State then voluntarily dismissed its forfeiture action on December 7, 1988. On February 15, 1990, the Federal district court ordered the forfeiture of the van. Claimant appealed to the United States Court of Appeals for the Seventh Circuit, which reversed the forfeiture on the basis that the district court lacked jurisdiction to order the forfeiture. (*United States v. One 1979 Chevrolet C-20 Van* (7th Cir. 1991), 924 F.2d 120.) The Federal district court issued its opinion on February 6, 1991.

In a bench trial, claimant was acquitted of possession with intent to deliver and was convicted of possession of marijuana.

On September 26, 1991, the State filed a complaint for forfeiture and for a turnover order. The State alleged that the van was subject to forfeiture, and it requested that the matter be transferred back to the Federal district court. Claimant filed an answer to the complaint and subsequently moved to dismiss the complaint pursuant to sections 2—619(a)(4) and (a)(5) of the Code of Civil Procedure (735 ILCS 5/2—

619(a)(4), (a)(5) (West 1992)). Claimant argued that the delay of 40 months between the seizure of the van and the filing of the complaint for forfeiture was not prompt action as required by section 12 of the Cannabis Control Act. (See Ill. Rev. Stat. 1987, ch. 56½, par. 712 (now codified, as amended, at 720 ILCS 550/12 (West 1992)).) Claimant also argued that her conviction of possession of marijuana did not authorize the forfeiture of the van under the applicable version of the Cannabis Control Act.

The court denied the motion for a turnover order and denied, without prejudice, the motion to dismiss. Claimant then filed a motion for summary judgment which alleged that her acquittal of possession with intent to deliver barred any further litigation of that issue, so that there was no genuine issue of material fact regarding the forfeitability of the van. In granting summary judgment for claimant, the court found that *res judicata* and collateral estoppel barred the forfeiture proceeding and that the action was not commenced within the time provided by law. The State appealed.

■ Initially, we will address claimant's contention that the State's appeal is untimely. Claimant points out that the only relief sought in the State's complaint was for a turnover order for the van. On January 31, 1992, the trial court denied the State's request for a turnover order. Claimant reasons that since the turnover order was the only relief requested, the State was required to file its notice of appeal within 30 days of the January 31, 1992, order, which it failed to do.

We find claimant's contention interesting but without merit. The complaint filed by the State in this cause was captioned "COMPLAINT FOR FORFEITURE AND SUBSEQUENT TURNOVER ORDER." At the hearing which resulted in the denial of the request for the turnover order, the assistant State's Attorney indicated that he was proceeding on the second portion of the complaint, which he characterized as a "combination complaint and request for the turnover order." Except in cases of default or those involving prejudice to the adverse party by reason of surprise, the prayer for relief does not limit the relief obtainable. (See 735 ILCS 5/2—604 (West 1992).) In the same order denying the request for the turnover order, the trial court also took claimant's motions to dismiss under advisement. It is obvious, therefore, that the parties, including claimant, did not treat the denial of the turnover order as the conclusion of the proceedings and, therefore, could not claim surprise under these circumstances. Moreover, a party is not required to avail himself of an appeal pursuant to Supreme Court Rule 304 (134 Ill. 2d R. 304 (appeal of judg-

ments as to fewer than all parties or claims)). The State's appeal is therefore timely. We now turn to the merits of the appeal.

Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The documents supporting or opposing a summary judgment motion should be construed against the movant. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 131-32.) Since summary judgment is a drastic remedy, the court should grant it only if the movant's right to judgment is clear and free from doubt. *Outboard Marine Corp.*, 154 Ill. 2d at 102.

The State first contends that the prior acquittal does not bar relitigating the issue whether the van was used to facilitate the delivery of marijuana. The 1987 version of section 12(a)(3) of the Cannabis Control Act provided that a vehicle used to transport or to facilitate the transportation of marijuana for the purpose of delivery of marijuana was subject to forfeiture. (Ill. Rev. Stat. 1987, ch. 56½, par. 712(a)(3); *cf.* 720 ILCS 550/12(a)(3) (West 1992) (a vehicle used to transport or facilitate the possession or concealment of marijuana is subject to forfeiture).) Thus, to prevail in this forfeiture action, the State needed to prove that the van was used to facilitate the delivery of marijuana.

We agree with the State that collateral estoppel principles do not apply here. The United States Supreme Court held in *United States v. One Assortment of 89 Firearms* (1984), 465 U.S. 354, 361-62, 79 L. Ed. 2d 361, 368, 104 S. Ct. 1099, 1104, that an acquittal on criminal charges does not collaterally estop the State from relitigating the same issues in a forfeiture proceeding. "[T]he difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel" when the civil proceeding follows the criminal adjudication. (*One Assortment of 89 Firearms*, 465 U.S. at 362, 79 L. Ed. 2d at 368, 104 S. Ct. at 1104.) The burden of proof in a forfeiture proceeding is by a preponderance of the evidence. (*People v. 1984 B M W 528E Automobile* (1991), 208 Ill. App. 3d 930, 936.) However, a finding against the State in a forfeiture proceeding will collaterally estop the State to prove a defendant's guilt in a subsequent criminal proceeding. *People v. Buonavolanto* (1992), 238 Ill. App. 3d 665, 669.

Since the criminal proceeding preceded the forfeiture action, *One Assortment of 89 Firearms* controls, and collateral estoppel does not apply. (We note that in 1990 the legislature enacted section 9 of the

Drug Asset Forfeiture Act, which provides, in relevant part, that an acquittal in a criminal proceeding will not bar a civil forfeiture action. (725 ILCS 150/9(J) (West 1992)).) We conclude that the court erred in granting summary judgment for claimant on this basis as a matter of law.

■ Claimant argues that there is no genuine issue of material fact on the question whether she possessed the marijuana with the intent to deliver. According to claimant, the undisputed evidence on this issue is from her affidavit wherein she stated that she possessed the marijuana for her own use. Claimant argues that the amount of marijuana found in the van was not sufficiently large to support an inference of the intent to deliver. However, claimant ignores the evidence that she had over 100 grams of marijuana in four bags, and she had a gram scale in her purse. (*One 1979 Chevrolet C-20 Van*, 924 F.2d at 121.) Aside from the amount of drugs possessed, the other factors which may support an inference of the intent to deliver include the manner in which the drugs were kept and the presence of paraphernalia used in the sale of drugs, including a scale. (*People v. Songer* (1992), 229 Ill. App. 3d 901, 905.) This evidence suggests that claimant was a dealer of marijuana. (See *People v. Walker* (1990), 194 Ill. App. 3d 864, 868.) Thus, there is a genuine issue of material fact regarding whether the van was used to transport marijuana for the purpose of delivery of marijuana.

■ The State next contends that the court erred in finding that the State did not institute suit promptly. We note that this issue was not raised in the summary judgment proceeding, and we cannot determine on what basis the court made this finding. However, the State does not argue that the court could not enter summary judgment on this basis.

According to the 1987 version of section 12(c), when property has been seized under the Cannabis Control Act, the forfeiture proceedings "shall be instituted promptly." (Ill. Rev. Stat. 1987, ch. 56½, par. 712(c) (now codified, as amended, at 720 ILCS 550/12(c) (West 1992)).) The question of what length of time is "prompt" has been the subject of few Illinois opinions.

In *People ex rel. Ward v. 1963 Cadillac Coupe* (1967), 38 Ill. 2d 344, on October 28, the sheriff notified the State's Attorney that the car was turned over to the sheriff. Despite the owner's demand, on December 22, for the return of the car, the State's Attorney did not file the forfeiture action until February 8. The court held that this 105-day delay was not "prompt." *1963 Cadillac Coupe*, 38 Ill. 2d at 347-48.

In *People v. Glenn* (1986), 142 Ill. App. 3d 1108, the court ruled that the trial court erred in dismissing the forfeiture complaint because the 12-month delay between the filing and the hearing was not unreasonable. However, in *Glenn*, the State's Attorney promptly filed the complaint, and the delay occurred after the complaint was filed.

In *People v. Strong* (1986), 151 Ill. App. 3d 28, the court held that the 63-day delay between the seizure of the property and the filing of the forfeiture complaint was prompt. *Strong*, 151 Ill. App. 3d at 35.

These cases afford little guidance in a situation such as the present one, where the State initially filed the complaint for forfeiture a few months after the seizure of the property, but dismissed the complaint because the cause was proceeding in Federal court. In *United States v. $8,850 in United States Currency* (1983), 461 U.S. 555, 76 L. Ed. 2d 143, 103 S. Ct. 2005, the Supreme Court discussed the factors to consider to determine whether a delay in filing a forfeiture proceeding violates the claimant's right to due process. The Court adopted the four-factor balancing test of *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, to determine whether the 18-month delay in filing the forfeiture action was unreasonable. (*$8,850*, 461 U.S. at 556, 76 L. Ed. 2d at 147, 103 S. Ct. at 2008.) The factors to consider are: (1) the length of the delay; (2) the reason for the delay; (3) the claimant's assertion of his or her right; and (4) the prejudice to the claimant. *$8,850*, 461 U.S. at 564, 76 L. Ed. 2d at 152, 103 S. Ct. at 2012.

This balancing of the factors is a fact-based determination. (*$8,850*, 461 U.S. at 565 n.14, 76 L. Ed. 2d at 152 n.14, 103 S. Ct. at 2012 n.14.) The following evidence was considered by the trial court during the summary judgment hearing. The State filed the first complaint slightly more than three months after the initial seizure. The State dismissed that complaint voluntarily after the FBI took possession of the van and the United States Attorney instituted forfeiture proceedings in Federal court. The State filed the second complaint seven months after the Court of Appeals rendered its decision. The entire period of the delay was 40 months. The district court ordered the forfeiture of the van, and that order was reversed on appeal for lack of jurisdiction. Claimant asserted her right to the van in the Federal proceeding. There was no evidence presented on the factor of the prejudice to claimant's rights.

When reasonable persons could draw divergent inferences from undisputed facts, the trial court should not enter summary judgment. (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358.) We believe that reasonable persons could draw divergent inferences from these facts on

whether the delay was reasonable under the circumstances. We therefore remand the cause for further proceedings.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

UNVERZAGT and BOWMAN, JJ., concur.