THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. 1995 FORD VAN, VIN 1FTJE34GOSHA15603, Defendant-Appellee (Edward Stadtler, Claimant-Appellee).

Second District    No. 2—03—0458

Opinion filed May 7, 2004.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Mary Ellen Dienes, of Des Plaines, for the People.

Donald J. Ramsell and Steven D. Armamentos, both of Ramsell & Armamentos, of Wheaton, for appellee 1995 Ford Van.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

In this appeal, we are faced with the question of whether the civil forfeiture of a vehicle under section 36—1 of the Criminal Code of

1961 (720 ILCS 5/36—1 (West 2000)) is barred by the claimant's acquittal of the underlying criminal charge. We hold that the acquittal does not collaterally estop the State from pursuing the vehicle forfeiture.

The claimant, Edward Stadtler, was arrested on September 29, 2001, and charged with Class 4 felony driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(1), (c—1)(1) (West 2000)) and driving while his license was revoked (625 ILCS 5/6—303(a) (West 2000)). The claimant was charged with Class 4 felony DUI because at the time of the arrest, the claimant's driver's license was revoked for a conviction of leaving the scene of a motor vehicle accident involving personal injury or death. See 625 ILCS 5/11—401 (West 2000). On December 11, 2001, while the criminal charges were pending, the State filed a complaint under section 36—1 for forfeiture of the claimant's vehicle, the 1995 Ford van that is the defendant in this case. The State alleged that the van was subject to forfeiture because it had been used to commit Class 4 felony DUI.

On December 6, 2002, following a bench trial on the criminal charges, the claimant was found not guilty of DUI and guilty of driving while his license was revoked. On January 3, 2003, the claimant moved for summary judgment in the civil forfeiture proceeding. The claimant argued that because he had been acquitted of the DUI charge that formed the basis of the State's forfeiture complaint, the State was collaterally estopped from relitigating the issue of whether he had committed the crime. The trial court granted the motion, and the State timely appealed. On appeal, the State argues that the claimant's criminal acquittal of DUI does not bar the civil forfeiture proceeding against the van.

■ Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2002); *General Casualty Insurance Co. v. Lacey*, 199 Ill. 2d 281, 284 (2002). We review a grant of summary judgment *de novo*. *General Casualty Insurance Co.*, 199 Ill. 2d at 284.

■ Section 36—1 provides that "[a]ny *** vehicle *** used with the knowledge and consent of the owner in the commission of *** [Class 4 felony DUI] *** may be seized." 720 ILCS 5/36—1 (West 2000). After the vehicle has been seized, the State may bring a forfeiture action. 720 ILCS 5/36—2 (West 2000). We note that the current version of section 36—1 allows for a vehicle seizure if, as in this case, the claimant was driving while his license was revoked for leav-

ing an accident scene. 720 ILCS 5/36—1 (West 2002); see 625 ILCS 5/6—303(g) (West 2002). However, the new provision is not applicable here because it became effective after the claimant's arrest. Thus, we consider only the DUI allegation.

■ The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 507 (2003). The best indication of that intent is the statute's language. *Carver*, 203 Ill. 2d at 507. However, since section 36—1 does not mention what effect a criminal acquittal of the underlying charge would have on the forfeiture proceeding, we must look beyond the statute's language to determine the legislature's intent.

■ A forfeiture proceeding under section 36—1 is a civil, *in rem* proceeding against property that was used in the commission of an offense. *People ex rel. Hanrahan v. One 1965 Oldsmobile*, 52 Ill. 2d 37, 41 (1972), *rev'd on other grounds*, 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30 (1972). As such, the State needs to prove its right to the property by a preponderance of the evidence rather than beyond a reasonable doubt. 720 ILCS 5/36—2 (West 2000); *People ex rel. Power v. One 1979 Chevrolet Camaro*, 96 Ill. App. 3d 109, 112 (1981). It is well settled that a conviction is not a prerequisite to a proceeding under section 36—1. *One 1965 Oldsmobile*, 52 Ill. 2d at 41-42.

■ Here, the trial court ruled that the claimant's criminal acquittal of the DUI charge collaterally estopped the State from pursuing the vehicle forfeiture. The doctrine of collateral estoppel applies to both civil and criminal actions. *People v. Buonavolanto*, 238 Ill. App. 3d 665, 670 (1992). It provides that an issue that has been raised and decided by a court of competent jurisdiction cannot subsequently be relitigated between the same parties in the same or a different cause of action. *Buonavolanto*, 238 Ill. App. 3d at 670.

The State argues that collateral estoppel does not apply, citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 79 L. Ed. 2d 361, 104 S. Ct. 1099 (1984). There, after the claimant was criminally acquitted of dealing in firearms without a license, the government sought to forfeit the seized firearms. The claimant argued, among other things, that the forfeiture was prohibited by collateral estoppel. *One Assortment of 89 Firearms*, 465 U.S. at 355-57, 79 L. Ed. 2d at 364, 104 S. Ct. at 1101-02. The United States Supreme Court disagreed, holding that the claimant's acquittal of the criminal charge did not bar the government from relitigating the same issues in the forfeiture proceeding. The Court reasoned that, when a civil forfeiture proceeding follows an acquittal of underlying criminal charges, "the difference in the relative burdens of proof in the criminal and civil ac-

tions precludes the application of the doctrine of collateral estoppel." *One Assortment of 89 Firearms*, 465 U.S. at 361-62, 79 L. Ed. 2d at 368, 104 S. Ct. at 1104.

The State also cites *People v. One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d 640 (1993). There, following a 1988 traffic stop, the claimant was charged with possession with intent to deliver marijuana and possession of marijuana. The claimant was acquitted of the former charge and was convicted of the latter charge. *One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d at 642. As in this case, the claimant moved for summary judgment in the related vehicle forfeiture proceeding, arguing that her criminal acquittal of the charge on which the forfeiture action was based prohibited further litigation of the issue. The trial court agreed, ruling that *res judicata* and collateral estoppel barred the forfeiture proceeding. *One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d at 643. On appeal, this court reversed the trial court's decision, holding that collateral estoppel did not apply. We cited *One Assortment of 89 Firearms* for the proposition that a claimant's acquittal of criminal charges does not estop the State from relitigating the same issues in a forfeiture proceeding. *One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d at 644. We also parenthetically noted that in 1990, the legislature enacted the Drug Asset Forfeiture Procedure Act (Act) (725 ILCS 150/1 *et seq.* (West 1992)), which states that a criminal acquittal does not bar a civil forfeiture action (725 ILCS 150/9(J) (West 1992)). *One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d at 645.

The claimant in this case argues that *One 1979 Chevrolet C-20 Van* is distinguishable because that forfeiture arose under the Act rather than section 36—1. The claimant points out that while the Act specifically states that a criminal acquittal will not bar a forfeiture action, section 36—1 does not include such language. Citing the doctrine of *expressio unius est exclusio alterius*, the claimant maintains that this difference shows that the legislature intended to treat the two forfeiture proceedings differently and allow collateral estoppel to apply to proceedings under section 36—1. We disagree.

To begin with, in *One 1979 Chevrolet C-20 Van* we were interpreting the 1987 version of section 12(a)(3) of the Cannabis Control Act (Ill. Rev. Stat. 1987, ch. 56½, par. 712(a)(3); *cf.* 720 ILCS 550/12(a)(3), (d) (West 2002)) and therefore did not base our decision on the Act language, added in 1990, that a criminal acquittal does not bar a civil forfeiture action. *One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d 642-45. Moreover, the claimant misinterprets the doctrine of *expressio unius est exclusio alterius*. Under this doctrine, a court may infer that when a statute lists certain things, the legislature intended to exclude any items omitted from the list. *People ex rel. Klaeren v. Village of*

*Lisle*, 316 Ill. App. 3d 770, 781 (2000). The doctrine is inapplicable to section 36—1, which is silent on the effect of a criminal acquittal. We do agree that we may compare section 36—1 and the Act to aid in our determination of legislative intent. See *In re B.L.S.*, 202 Ill. 2d 510, 515 (2002) (court may examine statutes concerning the same or related subject matter to ascertain legislative intent). However, we believe that the language in the Act demonstrates a legislative recognition that criminal acquittals do not generally bar civil forfeiture proceedings. The absence of such language in section 36—1 does not demonstrate a rejection of that principle.

The claimant also argues that in contrast to the Act, which is to be interpreted in light of federal law (see 725 ILCS 150/2 (West 2000)), section 36—1 is controlled by state law. The claimant therefore maintains that this case is controlled by *People v. Grayson*, 58 Ill. 2d 260 (1974). There, the defendant pleaded guilty to armed robbery and was sentenced to five years' probation. He was later charged with a second armed robbery and acquitted after a trial. *Grayson*, 58 Ill. 2d at 261. The State petitioned to revoke the defendant's probation in light of the second armed robbery. After a hearing, the defendant was found to have violated his probation. On appeal, the defendant argued that his acquittal of the second armed robbery precluded the State from relitigating the issue in the probation revocation hearing. *Grayson*, 58 Ill. 2d at 262. The appellate court affirmed, relying on cases that discussed the different burdens of proof in criminal trials versus civil probation revocation hearings. *Grayson*, 58 Ill. 2d at 264. The supreme court reversed, holding that the differing burdens of proof did not permit the relitigation of the same issue upon the same evidence. *Grayson*, 58 Ill. 2d at 264-65. The supreme court stated:

> "Although proceedings may be civil in form, they may be criminal in nature [citation], and the individual facing probation revocation may lose his liberty just as swiftly and surely as a defendant in a criminal case. We accordingly hold the principle of collateral estoppel applies in the circumstances present here." *Grayson*, 58 Ill. 2d at 265.

The claimant argues that as in *Grayson*, the issue of whether he committed a crime has already been litigated and cannot be reexamined.

We believe that *Grayson* is distinguishable. The holding in *Grayson* applies to probation revocation hearings, where a defendant's liberty is at stake. In contrast, a claimant is not faced with the prospect of imprisonment in a forfeiture proceeding because the court does not examine the issue of the claimant's guilt or innocence. See *One 1979 Chevrolet Camaro*, 96 Ill. App. 3d at 112. The proceeding is directed against property rather than an individual, and the court determines

only whether a particular item was used in the offense's commission. See *One 1979 Chevrolet Camaro*, 96 Ill. App. 3d at 112. Collateral estoppel is a component of double jeopardy (*People v. Milka*, 336 Ill. App. 3d 206, 225 (2003)), and civil forfeitures have not traditionally been viewed as punishment in the double jeopardy context (*In re P.S.*, 175 Ill. 2d 79, 88 (1997)). The legislative policy behind statutes allowing vehicle forfeitures is to repress crimes that are facilitated by vehicles; the goal is not individual punishment. See *One 1979 Chevrolet Camaro,* 96 Ill. App. 3d at 113. We additionally note that the supreme court has expressed doubt about the viability of *Grayson*. See *In re Nau*, 153 Ill. 2d 406, 428 (1992).

■ We conclude that the claimant's criminal acquittal of the DUI charge does not bar the State from pursuing the vehicle forfeiture. As discussed, the doctrine of collateral estoppel does not apply because the forfeiture proceeding is a civil proceeding with a lower burden of proof than the criminal case. *One Assortment of 89 Firearms*, 465 U.S. at 361-62, 79 L. Ed. 2d at 368, 104 S. Ct. at 1104; *One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d at 644. We have discerned no legislative intent to have section 36—1 deviate from this generally accepted principle. Although the State was unable to meet the burden of proof beyond a reasonable doubt in the criminal case, it may still prove that the vehicle was used in the commission of Class 4 felony DUI under a preponderance of the evidence standard. The *Grayson* exception is inapplicable because unlike a probation revocation hearing, the forfeiture proceeding is directed against the vehicle and does not put the claimant's liberty at risk. As such, the trial court erred in granting summary judgment for the claimant.

For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

BYRNE and KAPALA, JJ., concur.