NOTICE

Decision filed 07/19/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220514-U

NO. 5-22-0514

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Coles County. |
| | ) | |
| v. | ) | No. 22-MX-96 |
| | ) | |
| 2008 TOYOTA TUNDRA, | ) | |
| | ) | |
| Defendant | ) | Honorable |
| | ) | Mitchell K. Shick, |
| (Dane K. Logsdon, Claimant-Appellee). | ) | Judge, presiding. |

---

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the trial court's denial of the State's motion to amend its verified complaint for forfeiture and its dismissal of the State's forfeiture complaint were based upon an inaccurate application of the time frame in which a forfeiture action must be tried, we reverse the judgment of the court and remand the case for further proceedings.

¶ 2    In this case the State seized a vehicle following a traffic stop and proceeded with civil forfeiture proceedings. The complaint, although timely filed, contained factual errors in two paragraphs. The State filed an amended complaint but neglected to contemporaneously file a motion seeking leave of court to do so. The claimant did not file an answer to the State's complaint. The State later sought leave of court to amend its complaint. The claimant objected to the State's motion to amend and asked the trial court to dismiss the complaint. Following a hearing, the court

1

denied the State's motion to amend and granted the claimant's motion to dismiss, concluding that the State had failed to bring its forfeiture complaint to hearing in compliance with the procedural requirements of the Criminal Code of 2012.

¶ 3                                      I. BACKGROUND

¶ 4       On March 3, 2022, Sergeant Spindler of the Charleston Police Department made a traffic stop after witnessing a vehicle being driven the wrong way on a one-way road. The vehicle was a 2008 Toyota Tundra, and the driver was Adam Logsdon. During the traffic stop, Sergeant Spindler determined that there were indications that Adam Logsdon was intoxicated. Logsdon refused to perform field sobriety tests and told Sergeant Spindler that he had consumed four or five beers. Sergeant Spindler arrested Adam Logsdon for aggravated driving under the influence of alcohol and driving with a revoked license. Sergeant Spindler determined that the vehicle Adam Logsdon was operating at the time of the stop was registered to Adam's father, Dane Logsdon. Adam Logsdon informed Sergeant Spindler that his father had given him permission to drive the vehicle that evening. Later, Sergeant Spindler called Dane Logsdon, who admitted that he had given Adam permission to drive the vehicle, and further admitted that he knew Adam's driver's license was revoked.

¶ 5       On March 4, 2022, the State filed a request for a preliminary review to determine probable cause for forfeiture of the 2008 Toyota Tundra. The State attached Sergeant Spindler's affidavit and a copy of Adam Logsdon's driving abstract. The State also filed its verified complaint for forfeiture, which contained some inaccurate identifying information. The caption of the complaint and paragraphs 1, 2, and 3 all contained identification information related to the vehicle, the driver, and the vehicle's owner. The caption of the complaint set forth the correct year, make, and model of the vehicle at issue, and included its correct vehicle identification number (VIN)—

2

5TFDV54128X053725. Paragraph 1 listed the incorrect seizure date and the incorrect vehicle seized. Paragraph 2 alleged that the vehicle was subject to forfeiture based upon certain facts, and correctly identified the make, model, year, and VIN of the vehicle. Paragraph 2 also alleged that Adam Logsdon was the operator of the vehicle and that he had previous DUI convictions and a revoked Illinois driver's license. Paragraph 2 also correctly alleged that Dane Logsdon was the owner of the vehicle. Finally, Paragraph 2 alleged that Dane Logsdon knew that Adam's driver's license was revoked for driving under the influence, and that he gave Adam Logsdon permission to drive the vehicle on the night of the arrest. Paragraph 3 included incorrect identification information about the vehicle that was subject to seizure and forfeiture.

¶ 6     On March 8, 2022, the State filed an amended complaint for forfeiture, correcting the vehicle identification errors in paragraphs 1 and 3. The State did not file a contemporaneous motion to amend its complaint as required by section 2-616(a) of the Code of Civil Procedure. 735 ILCS 5/2-616(a) (West 2020).

¶ 7     On March 14, 2022, the trial court held a preliminary review hearing on the State's forfeiture complaint. Noting that the claimant was still within the 45 days in which he had to answer the State's forfeiture complaint, the State asked the court to set the next hearing on April 11, 2022. The trial court reviewed the State's "affidavit and pleading that is on file" and found that there was probable cause to allow the State to proceed toward forfeiture of the vehicle. 720 ILCS 5/36-1.5(a) (West 2020).

¶ 8     On April 11, 2022, Adam Logsdon appeared and verbally objected to the State's forfeiture complaint. The trial court informed Adam that it could not provide legal advice but explained that he was not entitled to an attorney because the forfeiture complaint was civil in nature. The court stated that Adam needed to "do something" immediately in that he was "past the time." The court

3

then granted Adam a 30-day extension and stated that during that time he needed to "file whatever you're going to file and if you don't, then the State will probably get judgment by default." The court set the next hearing for May 16, 2022.

¶ 9    On April 29, 2022, an attorney representing Dane Logsdon entered his appearance and filed a motion to continue the forfeiture hearing. Dane Logsdon did not file an answer to the complaint.[1] Instead, he filed a verified claim and interest, alleging that he was the titled owner of the 2008 Toyota Tundra, that he did not know, or have reason to know, that any criminal conduct was occurring with the use of his vehicle, and asked the court to return the 2008 Toyota Tundra to him.

¶ 10    On May 16, 2022, the trial court called a status hearing. Dane Logsdon's attorney was present and informed the court that he had filed a "verified claim" on Dane's behalf. He also informed the court that he had "received an offer from the State" and that he wanted an opportunity to tender that offer to his client. He asked the court to reset the matter for June 30, 2022.

¶ 11    On June 30, 2022, the trial court again called a status hearing. Dane Logsdon's attorney advised the court that Adam Logsdon had forfeited any interest he had in the vehicle and asked the court to set the "innocent owner hearing" for August 5, 2022.

¶ 12    On August 3, 2022, the State filed a motion seeking leave to amend, having realized that it omitted this step when it filed the amended complaint on March 4, 2022. In this motion, the State sought leave to correct the typographical errors in paragraphs 1 and 3.

¶ 13    In response to the State's motion to amend, Dane Logsdon filed an objection and a motion to dismiss the original complaint. He alleged that the original complaint did not provide a

---

[1]The claimant's pleading was not designated an answer and did not "contain an explicit admission or denial of each allegation of the pleading to which it relates." 735 ILCS 5/2-610(a) (West 2020).

description of the property seized, did not contain the correct date and place of the seizure, and failed to apprise him of the statutory and factual grounds for the seizure.

¶ 14 The trial court held a hearing on the motion to dismiss on August 5, 2022. Counsel for Dane Logsdon argued that the amended complaint should be stricken as it was untimely and without leave of court. He argued that he would no longer be able to file an answer if the court allowed the State to amend because more than 60 days had passed. After additional argument, the trial court denied the State's motion for leave to amend and granted the claimant's motion to dismiss the original complaint, with prejudice. The court's overriding concern was that the State failed to file its motion for leave to file an amended complaint within 60 days, stating:

"It would have given then the Claimant an opportunity to have this hearing within 60 days. In fact, the State improperly filed a First Amended Complaint without leave of court, which now is stricken, so non-existent. And it's well past the 60 days for leave to amend; therefore, the Claimant—we're not really at issue if there's a fatal and improper complaint that on its face shows that it was filed past the 28 days and it wasn't corrected within 60 days, it would have been difficult for the Claimant to have brought this issue within 60 days, the hearing within 60 days. It *** shouldn't be on the Claimant to correct the fatal errors in the petition. And even though under civil law a complaint can be amended at any time, given the statutory requirements in this case with respect to hearing within 60 days, it's my belief that any motions for leave to amend should be filed within that 60 days and a hearing set promptly, and it shouldn't be on the Claimant to enforce that. It should be on the State to—to follow the statute."

¶ 15 After the trial court's ruling, the State orally asked the court to reconsider its ruling on the basis that section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616 (West 2020)) provides

5

a liberal basis for amendments at any time before final judgment. The trial court agreed that motions seeking leave to amend are typically allowed but stated, "it also doesn't alleviate the State's requirement under the forfeiture statute to allow a Claimant to have his hearing within 60 days."

¶ 16                                   II. ANALYSIS

¶ 17     On appeal, the State argues that the trial court erred both in denying its request for leave to amend, and in dismissing the case, with prejudice.

¶ 18     "An article 36 forfeiture proceeding is a civil proceeding *in rem*." *People ex rel. Kelly v. One 2008 Chevrolet Trailblazer*, 2016 IL App (5th) 150338, ¶ 10 (citing *People v. Dugan*, 109 Ill. 2d 8, 17 (1985)). "The State therefore brings its action against the seized property 'pursuant to the legal fiction that the property itself is guilty of facilitating a crime.' " *Id.* (quoting *People v. A Parcel of Property Commonly Known as 1945 North 31st Street, Decatur, Macon County, Illinois*, 217 Ill. 2d 481, 497 (2005)).

¶ 19     With the creation of these forfeiture statutes, our legislature's policy was to repress criminal activity involving vehicles. *Id.* ¶ 11 (citing *People v. 1995 Ford Van*, 348 Ill. App. 3d 303, 309 (2004)). "Courts have also noted that repeat DUI offenders and individuals who would commit the offense while their licenses are revoked or suspended are particularly concerning." *Id.* (citing *People v. One 2000 GMC*, 357 Ill. App. 3d 873, 877-78 (2005); *Toia v. People*, 333 Ill. App. 3d 523, 530-31 (2002)).

¶ 20     The Illinois Vehicle Code authorizes a seizure and potential forfeiture of a motor vehicle being operated in violation of section 11-501 of the Code, which prohibits driving while under the influence of alcohol or drugs. 625 ILCS 5/6-303(g)(1) (West 2020) (citing 625 ILCS 5/11-501 (West 2020)). The Criminal Code of 2012 designates the procedure and methods for seizure and

6

forfeiture of property in Illinois. 720 ILCS 5/36-1 (West 2020). Section 36-1 establishes what property is subject to forfeiture and includes any property which is used with the knowledge and consent of the owner if that vehicle is used during the commission of certain crimes (*id.* § 36-1(a)). Pursuant to this section, there are three possibilities for seizure and forfeiture. First, the State can seize a vehicle if the owner consents and has knowledge that the vehicle was being operated by an authorized driver who was driving under the influence of alcohol, and the driver has revoked driving privileges stemming from a previous driving under the influence of alcohol offense. *Id.* § 36-1(a)(6)(A)(i). Second, the State can seize a vehicle if the owner consents and has knowledge that the vehicle was being operated by an authorized driver who was driving under the influence of alcohol, and the driver has committed the same offense three or more times. *Id.* § 36-1(a)(6)(C). Third, the State can seize a vehicle if the owner consents and has knowledge that the vehicle was being operated by an authorized driver who was driving while his driver's license was suspended or revoked. *Id.* § 36-1(a)(7) (citing 625 ILCS 5/6-303 (West 2020)).

¶ 21 Regarding the procedural requirements for forfeiture, section 36-2 provides in part:

"(b) If, after review of the facts surrounding the seizure, the State's Attorney is of the opinion that the seized property is subject to forfeiture *** he or she shall bring an action for forfeiture in the circuit court within whose jurisdiction the seizure and confiscation has taken place by filing a verified complaint for forfeiture in the circuit court within whose jurisdiction the seizure occurred ***. The complaint shall be filed as soon as practicable but not later than 28 days after the State's Attorney receives notice from the seizing agency ***. A complaint of forfeiture shall include:

(1) a description of the property seized;

(2) the date and place of seizure of the property;

7

(3) the name and address of the law enforcement agency making the seizure; and

(4) the specific statutory and factual grounds for the seizure." *Id.* § 36-2(b).

¶ 22    Section 36-2.5 governs the procedural requirements for forfeiture *in rem* proceedings. Civil evidentiary rules apply. *Id*. § 36-2.5(a). Only an owner or interest holder in the property, referred to as the claimant, may file an answer to assert a claim against the property in the action *in rem*. *Id*. § 36-2.5(b). The answer to the State's civil *in rem* complaint shall be filed with the court within 45 days after service. *Id*. § 36-2.5(c). The trial shall be held within 60 days after the answer is filed unless a continuance is granted for good cause. *Id*. § 36-2.5(d).

¶ 23    Section 36-2.7 provides a reclamation process for the "innocent owner" of the property seized prior to the forfeiture trial. A claimant to the seized property may file a motion to have an innocent owner hearing before the forfeiture trial is held. *Id*. § 36-2.7(a). The claimant can only file this motion "[a]fter a complaint for forfeiture has been filed and all claimants have appeared and answered." *Id.* The motion must be supported with a sworn affidavit asserting specific supporting facts: "(1) that the claimant filing the motion is the true owner of the conveyance as interpreted by case law; and (2) that the claimant did not know or did not have reason to know the conduct giving rise to the forfeiture was likely to occur." *Id.* After the claimant files the motion, the parties can then "conduct limited discovery as to the ownership and control of the property, the claimant's knowledge, or any matter relevant to the issues raised or facts alleged in the claimant's motion." *Id.* § 36-2.7(b). Upon completion of discovery, the court then conducts the innocent owner hearing, but will only "hear evidence relating to the issue of innocent ownership." *Id.* § 36-2.7(c). The claimant has the burden of proof by the preponderance of the evidence. *Id.* § 36.2-7(d). "If the claimant fails to meet the burden of proof, the court shall deny the motion and the forfeiture case shall proceed ***." *Id.*

¶ 24                    A. Denial of the State's Motion to Amend

¶ 25    The State argues that the trial court erred in denying its motion to amend the forfeiture complaint. We agree.

¶ 26    Section 2-616 of the Code of Civil Procedure, which governs the process for amendment of pleadings, states:

"(a) At any time before final judgment amendments may be allowed on just and reasonable terms, *** in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought ***.

(b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended.

(c) A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." 735 ILCS 5/2-616(a), (b), (c) (West 2020).

¶ 27 Here, the State attempted to correct the errors in its verified petition for forfeiture by filing an amended petition four days later. However, the State inadvertently failed to file a corresponding motion for leave to amend as mandated by the Code of Civil Procedure. When the State discovered that oversight, it filed a motion to amend, to which the claimant objected. On August 5, 2022, after a hearing, the trial court denied the State's motion for leave to amend. The trial court focused on the requirement that a forfeiture trial must occur within 60 days. The court stated:

"My concern is that the State didn't file a Motion For Leave to File Amended [C]omplaint within 60 days. It would have given then the Claimant an opportunity to have this hearing within 60 days. *** And even though under civil law a complaint can be amended at any time, given the statutory requirements in this case with respect to [a] hearing within 60 days, it's my belief that any motions for leave to amend should be filed within that 60 days and a hearing set promptly ***. ***

Given that, I'm going to grant the Motion to Dismiss with prejudice finding that the Motion For Leave to Amend was filed well beyond the 60 days; and therefore, is untimely, and the 60-day requirement to have to present to allow the Claimant to have a hearing has passed."

An answer to the State's *in rem* complaint shall be filed with the court within 45 days after service. 720 ILCS 5/36-2.5(c) (West 2020). Here, not only did the claimant fail to file an answer within the 45-day period, the record establishes that the claimant never filed an answer to the complaint.

10

Instead, he filed a claim for an innocent owner hearing and then filed a motion to dismiss on August 4, 2022, which was well past the 45-day time frame.

¶ 28     Section 36-2.7 of the Criminal Code of 2012 provides a pretrial option for a claimant to seek an innocent owner hearing before a forfeiture hearing. *Id.* § 36-2.7(a). However, a claimant cannot seek an innocent owner hearing until "all claimants have appeared and answered" the State's forfeiture complaint. *Id.* Here, the claimant did not file an answer to the State's complaint, and thus, his pleading seeking an innocent owner hearing was premature.

¶ 29     Section 36-2.5(d) of the Criminal Code of 2012 mandates that the forfeiture trial be held within 60 days "after filing of the answer unless continued for good cause." *Id*. § 36-2.5(d). We note that the trial court granted the claimant's request for an "extension of 30 days" on April 11, 2022, at a status hearing. In addition, the claimant sought, and the court granted, additional continuances on May 16, 2022, and on June 30, 2022. Without question, the trial court allowed the claimant's requests for continuance of the forfeiture hearing which extended the time by which the forfeiture hearing had to be held. See *id.* (stating the 60-day time frame for holding the trial on the State's forfeiture complaint unless the trial court grants a continuance for good cause).

¶ 30     While the trial court correctly emphasized the 60-day time frame, we find that the court misconstrued its application. The trial court appears to have connected the 60-day period to the date that the State's forfeiture complaint was filed. At the August 5, 2022, hearing, the court questioned the State's attorney: "What about the 60-day period that you're required to bring this to hearing after a claim is filed?" However, the 60-day period within which the State must hold a forfeiture trial does not commence until the claimant has filed its answer to the State's forfeiture complaint. *Id.* Because the claimant never filed an answer to the forfeiture complaint, the 60-day time frame never commenced. Here, the claimant was in negotiations with the State pursuant to

11

his innocent owner claim—a separate process that would precede the forfeiture hearing. Thus, the forfeiture trial could still have been held within the 60-day time frame.

¶ 31    We further find that the trial court's ruling denying the State's motion to amend was inconsistent with the standard set forth in section 2-616(a) of the Code of Civil Procedure. "At any time before final judgment amendments may be allowed on just and reasonable terms, *** in any matter, either of form or substance, in any *** pleading *** which may enable the plaintiff to sustain the claim for which it was intended to be brought ***." 735 ILCS 5/2-616(a) (West 2020). The trial court should freely allow a motion to amend a complaint so the " 'party may fully present his cause of action.' " *Henderson-Smith & Associates, Inc. v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 26 (2001) (quoting *Scardina v. Colletti*, 63 Ill. App. 2d 481, 491 (1965)). An order denying leave to amend is reviewed on appeal for an abuse of discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). As the Illinois Supreme Court noted:

> " '[J]udicial discretion must be exercised within the bounds of the law [citation] and any question regarding the proper exercise thereof is always subject to our review [citation]. Further, where the exercise of discretion has been frustrated by the application of an erroneous rule of law, review is required to permit the exercise in a manner " 'consistent with the law.' " ' " *Id.* at 274 (quoting *People v. Brockman*, 143 Ill. 2d 351, 363-64 (1991)).

¶ 32    We find that the State's motion to amend satisfied all four factors set forth in *Loyola Academy v. S&S Roof Maintenance, Inc*. The *Loyola* factors include: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id.* at 273. First, the proposed amended complaint would cure the "defective" pleading, which contained scrivener's

errors. Second, the claimant would not have been prejudiced or surprised because the erroneous information in paragraphs 1 and 3 was correctly listed in the caption of the complaint. The trial court found that the claimant had notice of the State's claim: "I find that your client did have notice as to the vehicle *** because the description of the vehicle *** was accurate in the caption ***." Third, for the reasons stated earlier, we do not find that the State's motion for leave to amend was untimely. Fourth, the State promptly attempted to amend its complaint although neglecting to seek the required approval to do so. The motion for leave to amend simply sought to refile the amended petition, which corrected scrivener's errors. Nothing in the amended petition could have prejudiced the claimant because the correct information was already included in the original forfeiture complaint.

¶ 33    We conclude that the trial court's order denying the State's motion to amend constituted an abuse of its discretion. *Id.* at 273-74.

¶ 34                    B. Dismissal of the State's Forfeiture Complaint

¶ 35    The trial court's dismissal of the forfeiture complaint was also based upon its belief that the State had violated the requirement that a forfeiture hearing be held within 60 days.

¶ 36    At the hearing, the court noted that the claimant's motion to dismiss was filed pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)), and that the claimant was alleging that the forfeiture complaint was filed beyond the time authorized by law.

¶ 37    On appeal from a trial court's involuntary dismissal of a complaint pursuant to section 2-619 of the Code of Civil Procedure, we must determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." (Internal quotation marks omitted.) *Doyle v. Holy Cross*

13

*Hospital*, 186 Ill. 2d 104, 109-10 (1999). Thus, our review is *de novo*. *In re Estate of Mayfield*, 288 Ill. App. 3d 534, 542 (1997).

¶ 38 Here, there is no question that the owner of the vehicle had notice of the State's petition. The verified complaint for forfeiture contained the correct parties, vehicle, and vehicle identification number. Additionally, the correct and specific information was included in the request for preliminary review to determine probable cause for forfeiture, which was filed simultaneously with the verified complaint for forfeiture.

¶ 39 As with the denial of the State's motion to amend, the trial court based its dismissal of the State's complaint on the 60-day time period set forth in section 36-2.5(d). In dismissing the complaint, the trial court stated:

> "[T]he First Amended Complaint that was filed is improper, and [the claimant's attorney] has a right to attack that as being filed improper and to file a Motion to Dismiss it. I don't think that alleviates the State's requirement if they're holding property seized from another to promptly bring this matter to court so we can have judicial determination as to whether or not the State's allowed to continue to hold this past the 60 days. In this case, you waited 'till long after the 60 days to file a Motion For Leave to Amend. I think that's what makes it fatal in my mind.
>
> ***
>
> And that's why I'm going to grant the Motion to Dismiss."

¶ 40 Again, because the claimant never filed an answer to the State's forfeiture complaint, the 60-day time limit never commenced. Therefore, the trial court's dismissal of the State's forfeiture was erroneous.

14

¶ 41                              III. CONCLUSION

¶ 42    For the above reasons, we reverse the judgment of the circuit court of Coles County and remand for further proceedings.


¶ 43    Reversed and remanded.