(No. 27365.— )

Northwestern Institute of Foot Surgery and Chiropody, Appellant, *vs.* Frank G. Thompson, Director of Registration and Education, *et al.,* Appellees.

*Opinion filed May 16, 1944.*

DAVID H. JACKSON, of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellees.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county quashing a writ of *certiorari* issued by that court on petition of appellant. There seems to be much confusion in the briefs of appellant as to the character of the proceeding.

The record discloses that on April 5, 1940, a complaint was filed with the Department of Registration and Education by an inspector of that Department. By the complaint it was charged that appellant, Northwestern Institute of Foot Surgery and Chiropody, had not complied with the rules and regulations of the Department, and by reason thereof should be removed from the list of schools deemed reputable and in good standing by the Department. Notice of the filing of the complaint was served on appellant. Prolonged hearings were had, extending over a period of several months. Much evidence was offered by both appellant and the Department. The hearings were held before a committee appointed by the Department. Upon the report of the committee, the Director, after denying appellant's petition for a rehearing, entered an order adopting the findings and recommendations of the committee and removing appellant from the list of schools approved by the Department as reputable and in good standing. Upon

petition filed by appellant a writ of *certiorari* issued out of the circuit court to review the order entered by the Director.

Section 1-a, which was added to the act regulating the practice of chiropody in this State, in 1935, confers upon the Department certain powers and duties. Paragraph (3) of that section confers on the Department power to "Prescribe rules and regulations defining what shall constitute a school, college or university or department of a university, or other institution, reputable and in good standing, and to determine the reputability and good standing of a school, college or other institution reputable and in good standing by reference to a compliance with such rules and regulations; * * *." Ill. Rev. Stat. 1943, chap. 91, par. 73a(3).

The act contains no provision for investigations and hearings by the Department in the exercise of the powers conferred by that section. Neither does the act contain any provision by which the action of the Department, with reference to the reputability and good standing of any school, may be reviewed. The only provision in the act for the review of any orders of the Director are found in section 10-f. (Ill. Rev. Stat. 1943, chap. 91, par. 82f.) This section provides for the review by a circuit or superior court, by *certiorari,* of "any order of revocation or suspension" of the certificate of anyone licensed as a Chiropractor under the act, "and all questions of law and fact thereon." Section 10-h (Ill. Rev. Stat. 1943, chap. 91, par. 82h) provides for an appeal to this court from judgments entered by a circuit or superior court upon review of an order of that character.

It is clear that the order here involved is not an order which the act provides may be reviewed by a circuit or superior court on *certiorari.* Neither is it such an order that an appeal can be taken, from a judgment of a circuit or superior court reviewing it, to this court, under the act. The act makes no provisions for a review of an order of

the character here involved. It provides for no appeal to this court from the judgment of a circuit or superior court reviewing such an order. There being no method provided in the act for the review of orders of the Department, of the character here involved, it is obvious that the writ of *certiorari* issued by the circuit court in this case must be regarded as a common-law writ of *certiorari*. The limitations on a court reviewing an order of an administrative agency or inferior jurisdiction, upon a common-law writ of *certiorari*, are well defined. Such jurisdiction is limited to a determination from the record of the question whether such administrative agency acted within its powers and jurisdiction. This being purely a proceeding on a common-law writ of *certiorari*, there can be no direct appeal to this court unless constitutional or other jurisdictional questions are involved authorizing a direct appeal under section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1943, chap. 110, par. 199.) The only ground on which it can be claimed that this court has jurisdiction on direct appeal is that a constitutional question is involved. Obviously, no other jurisdictional questions are involved.

The proceeding before the Department in this case was in no sense a hearing under the Chiropody Act which can be reviewed by the statutory writ of *certiorari* provided in the act. Such proceeding was nothing more than an investigation by the Department for the purpose of determining whether appellant had complied with the rules and regulations of the Department, entitling it to remain on the accredited list of schools recognized as reputable and in good standing by the Department.

While no question has been raised as to our jurisdiction, we have often said that it is our duty to determine and pass upon the question of jurisdiction when it appears, and to decline to take jurisdiction whenever it is apparent on the record that no constitutional or other jurisdictional question is necessarily involved in the case. (*Hackner* v.

*Van Wyck,* 381 Ill. 622.) We have also frequently announced that in order to confer jurisdiction on this court on direct appeal from the trial courts, on the ground that the validity of a statute is involved, it must appear from the record that the validity of the statute was urged in the trial court and ruled upon, and the ruling preserved in the record on review and error assigned thereon. Before this court assumes jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that such question was urged in the trial court. The ruling on such question must be preserved in the record and error must be assigned upon such ruling in this court. (*Jenisek* v. *Riggs,* 381 Ill. 290; *Hillmer* v. *Chicago Bank of Commerce,* 378 Ill. 449; *Shilvock* v. *Retirement Board,* 375 Ill. 68; *Kellogg* v. *Kellogg,* 371 Ill. 241.) The mere assertion that a constitutional right has been invaded is not sufficient. *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261; *Hawkins* v. *Hawkins,* 350 Ill. 227.

The record here does not show that any constitutional question was raised in the trial court or passed upon by that court. Referring to the petition for the writ of *certiorari* filed in the trial court, the only mention of any constitutional question is in paragraph 14. It is there alleged that the findings of the committee and the order of the Director are "invalid, inequitable and unconstitutional." It then sets out the reasons alleged why the order of the Director was invalid. In the order entered by the trial court, there is no reference to any constitutional question and no decision thereon. The record shows that this order, before it was entered, was submitted to counsel for appellant. Written objections to the order were filed. In these objections no constitutional questions were raised or asserted.

The rule is settled that a constitutional question is not presented so as to give this court jurisdiction of a direct appeal where the judgment or decree is assailed on the

ground that its enforcement will deprive the person against whom the enforcement is sought of a constitutional right. *Trustees of Schools* v. *City of Chicago,* 373 Ill. 508.

Where no constitutional question is raised or passed upon in the trial court, such questions cannot be raised by the assignment of errors or by argument in this court. In this state of the record it is apparent that this court has no jurisdiction on direct appeal. The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*