Northwestern Institute of Foot Surgery and Chiropody, Appellant, v. Frank G. Thompson, Director of Department of Registration and Education of State of Illinois, et al., Appellees.

**Gen. No. 43,156.**

Heard in the third division of this court for the first district at the June term, 1944. Opinion filed June 29, 1945. Released for publication July 24, 1945.

DAVID H. JACKSON, of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, for appellees; WILLIAM C. WINES, Assistant Attorney General, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a common law certiorari transferred to this court from the Supreme Court of Illinois. *Northwestern Institute of Chiropody v. Thompson,* 386 Ill. 615. The writ issued to review the action of the Director of the State Department of Registration and Education, removing the Institute from the list of schools approved by the Department as reputable and in good standing. Respondents filed their return which was sustained and the writ of certiorari was quashed. The Institute appealed.

The action of the Director was based upon findings and recommendations of a Special Chiropody Committee appointed by the Director to hear the complaint of an inspector of the Department. The complaint charged that in October and November 1939, the teaching staff of the Institute was not in accordance with the rules and regulations of the Department referring to the make-up of the faculty. The rules required that there be at least 9 doctors of medicine, 10 chiropodists, 1 chemist, 1 pharmacist, 1 roentgenologist and 1 laboratory technician, and that doctors of medicine should lead the departments of physiology, physio-therapy, roentgenology, pathology, dermatology, neurology, Chiropodial medicine and surgery.

After extensive hearings the Special Committee on April 9, 1941, certified its findings to the Director. Its recommendation stated that the school "now is approved" by the Department as reputable and in good standing and recited the filing of the complaint, notice,

extensive hearings and the taking of evidence, the transcript of which was incorporated in the report. The Committee found that the Institute "was and now is" approved as reputable and in good standing; that in October-November of 1939, the teaching staff was not in accordance with Department Rules and Regulations, requiring 9 doctors of medicine, etc.; that the Institute caused a catalogue to be printed and presented to the Department as correctly setting forth the required number of faculty members; and that the catalogue was inaccurate and presented names of men who were not faculty members. The Committee recommended on the basis of the foregoing finding the removal of the Institute from the list of schools approved as reputable and in good standing. The Director approved the Committee's report and took the action, subject of the certiorari.

The return of the respondent, director and the Department consisted of the complaint, proceedings before the Committee, findings and recommendations of the Committee and the action of the Director thereon. The return should have been quashed. The court committed error in quashing the writ.

The finding of the Committee, which was adopted by the Director as the basis of his action, states no evidence or any facts to justify the conclusion that the Institute failed to meet the minimum requirements of the Department. There are no facts stated to support the conclusion, no foundation laid for it, nothing stated from which the Circuit Court, or we, on review of the action, can determine whether the Committee or the Director was justified in drawing the conclusion and taking the action which followed the hearing. *Funkhouser v. Coffin*, 301 Ill. 257; *Carroll v. Houston*, 341 Ill. 531; *K. & G. Ry. Co. v. Commerce Com.*, 340 Ill. 266; *Murphy v. Houston*, 250 Ill. App. 386. It is impossible from a study of the finding to know in what manner the regulation was violated or how the faculty

was deficient. The Institute was entitled as a matter of justice to know how specifically it had failed to meet the requirements of the Department. The Circuit Court had no way of knowing what facts shown by the evidence were the basis of the Committee's finding. We cannot tell from a review of the record. We consider it unnecessary to pass on any other points.

For the reasons given the judgment of the Circuit Court is reversed and the cause remanded with directions to quash the return.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J., concurs.

LEWE, J., took no part.