# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Dookeran v. County of Cook**, 2013 IL App (1st) 111095

---

| | |
|---|---|
| Appellate Court Caption | KEITH DOOKERAN, M.D. Plaintiff-Appellant, v. THE COUNTY OF COOK, Doing Business as Stroger Hospital, Formerly Known as Cook County Hospital, JAMES MADURA, M.D., PETER ORRIS, M.D., BRADLEY LANGER, M.D., JAY MAYEFSKY, M.D., and DANIEL WINSHIP, M.D., Defendants-Appellees (Phil Dray, M.D., and Charlene Luchsinger, Defendants). |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-1095 |
| Filed | March 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the termination of plaintiff physician's employment at a county hospital, the counts of plaintiff's third amended complaint alleging retaliatory discharge and breach of contract were barred by *res judicata* based on the earlier administrative review proceedings that upheld the denial of plaintiff's application for reappointment to his position at the hospital. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-L-7227; the Hon. Drella Savage, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal    Edward G. Proctor, Jr., of Munday & Nathan, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Gregory Vaci, and Andrew Creighton, Assistant State's Attorneys, of counsel), for appellees.

Panel    JUSTICE HALL delivered the judgment of the court, with opinion.

Justices Gordon and Reyes concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiff, Keith Dookeran, M.D., appeals from an order of the circuit court of Cook County granting summary judgment to the defendants, the County of Cook, doing business as Stroger Hospital (the County), James Madura, M.D., Peter Orris, M.D., Bradley Lang, M.D., Jay Mayefsky, M.D. and Daniel Winship, M.D., on the plaintiff's third amended complaint. On appeal, the plaintiff contends that the circuit court erred in granting summary judgment to the defendants because (1) the elements of *res judicata* were not satisfied by a prior administrative decision and therefore did not bar his civil suit for damages, and (2) even if the elements of *res judicata* were established, it would be unfair to apply them to bar his civil suit.

¶ 2    We determine that *res judicata* applied to bar the claims in count I, retaliatory discharge, and count III, breach of contract, raised in the third amended complaint. On a different ground, we determine that summary judgment was proper as to the defamation claim in count II.

¶ 3                                    BACKGROUND

¶ 4    In 1999, the plaintiff was appointed to the Stroger Hospital medical staff. Following an investigation and a hearing, the Stroger Hospital hearing committee found that, in his 2002 application for reappointment, the plaintiff willfully failed to disclose a letter of reprimand he had received while employed at Mercy Hospital, in Pittsburgh and that he had a history of verbally abusing hospital personnel. The hearing committee recommended that the plaintiff's reappointment application be denied. The Stroger Hospital joint conference committee voted to adopt the hearing committee's recommendation and, in turn, recommended to the Cook County Board (the Board) that the plaintiff's 2004 reappointment application be denied.[1] The Board adopted the recommendation and denied the plaintiff's 2004 reappointment application, thereby terminating his employment at Stroger Hospital.

_____

[1]The evidence at the hearing was set forth in this court's opinion in *Dookeran v. County of Cook*, 396 Ill. App. 3d 800 (2009).

¶ 5                                   I. Administrative Review Proceedings

¶ 6        On August 11, 2006, the plaintiff filed a petition for a common law writ of *certiorari* in circuit court seeking review of the Board's denial of his reappointment application. Only the County was named as a defendant. On review, the circuit court determined that there was ample factual evidence to support the charges against the plaintiff but found that the evidence did not support the sanction imposed. The court vacated the denial of the plaintiff's reappointment application and remanded the case to the Stroger Hospital hearing committee to recommend a lesser sanction. The court denied the County's motion for reconsideration and entered an order remanding the case to the Board for the imposition of a 30-day suspension of the plaintiff's clinical privileges. The County appealed, and the plaintiff cross-appealed. On review, this court reversed the order of the circuit court and upheld the denial of the plaintiff's reappointment application. *Dookeran v. County of Cook*, 396 Ill. App. 3d 800 (2009) (*Dookeran I*). The Illinois Supreme Court denied the plaintiff's petition for leave to appeal. See *Dookeran v. County of Cook*, 236 Ill. 2d 503 (2010) (table).

¶ 7                                            II. Civil Complaint

¶ 8        On June 20, 2007, while the administrative review proceedings were pending, the plaintiff filed a civil complaint seeking damages for retaliatory discharge, defamation, civil conspiracy, tortious interference with prospective economic advantage and breach of contract. The complaint named the County and certain individuals as defendants. The plaintiff's original and second amended complaints were dismissed with leave to amend. The plaintiff then filed his third amended complaint alleging retaliatory discharge, defamation and breach of contract.[2]

¶ 9        In count I of the third amended complaint, the plaintiff alleged that the County terminated his employment at Stroger Hospital in retaliation for his reporting of serious problems in the hospital's surgical residency program to his immediate superior and his reporting of inappropriate research and unethical practice of medicine in the surgical department. In count II, he alleged that he was defamed by defendant-doctors Orris, Langer, Mayefsky and Winship in that they were responsible for providing false information to the National Data Bank, *i.e.*, that the plaintiff's termination had been based in part on his unprofessional behavior toward the Stroger staff and the staff from other institutions. In count III, the plaintiff alleged that the County's violations of the Stroger Hospital bylaws breached his contract of employment. Specifically, he alleged that the investigation was improper, that the charges against him were never properly investigated, that he was denied the opportunity to present evidence, that the hearing committee was biased, that his termination was a foregone conclusion and that the hearing committee recommended his termination despite a recommendation of a lesser sanction by the peer review committee. Each count sought an unspecified amount of compensatory damages.

¶ 10       Following the denial of leave to appeal in *Dookeran I*, the defendants filed a motion for

---

[2]The third amended complaint did not name Phil Dray, M.D., or Charlene Luchsinger as defendants.

summary judgment in the civil case, based on *res judicata*. The circuit court agreed and granted summary judgment to the defendants. This appeal followed.

¶ 11                                ANALYSIS

¶ 12                          I. Standard of Review

¶ 13    This court's review of a circuit court's grant of summary judgment is *de novo. Agolf, LLC v. Village of Arlington Heights*, 409 Ill. App. 3d 211, 217-18 (2011). "Summary judgment is proper when the pleadings, affidavits, depositions and admissions of record, construed strictly against the moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Agolf, LLC*, 409 Ill. App. 3d at 217. The *de novo* standard of review also applies to the issue of whether a claim is barred by *res judicata. Agolf, LLC*, 409 Ill. App. 3d at 218.

¶ 14                            II. Discussion

¶ 15    *Res judicata* is an equitable doctrine and is applied to prevent a multiplicity of lawsuits between the same parties where the facts and issues are the same. *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 890 (2009). " 'The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996)). In order for *res judicata* to apply, there must be (1) a final judgment on the merits rendered by a court of competent jurisdiction, and (2) an identity of cause of action, and (3) identical parties or their privies in both actions. *Hudson*, 228 Ill. 2d at 467. Once established, *res judicata* bars all matters that were offered to sustain or defeat the claim, as well as to any and all other matters which may have or could have been offered for that purpose. *Agolf, LLC*, 409 Ill. App. 3d at 218.

¶ 16          A. Whether the Elements of *Res Judicata* Were Satisfied

¶ 17          1. *Final Judgment on the Merits by a Court of Competent Jurisdiction*

¶ 18    The plaintiff contends that there was no final judgment on the merits by a court of competent jurisdiction. A judgment is final if it determines the litigation on the merits, so that, if affirmed, all that remains is to proceed with the execution of the judgment. See *Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 210 (2007). "For purposes of *res judicata*, a judgment is not final until the possibility of appellate review has been exhausted." *Fidelity National Title Insurance Co. of New York*, 386 Ill. App. 3d at 211. In *Dookeran I*, this court reversed the order of the circuit court and affirmed the decision of the Board terminating the plaintiff's employment. *Dookeran I*, 396 Ill. App. 3d at 820. The supreme court's denial of leave to appeal ended the appellate review in this case. See *Dookeran v. County of Cook*, 236 Ill. 2d 503 (2010) (table). This terminated the litigation between the parties.

¶ 19    The plaintiff maintains that a court has limited jurisdiction in administrative review and

applies a different burden of proof. Therefore, neither the circuit court nor this court was a court of "competent jurisdiction" to determine the merits of his claims of defamation, retaliatory discharge and breach of contract and award him damages. The plaintiff misconstrues the concept of "competent jurisdiction."

¶ 20    The doctrine of *res judicata* does not bar a claim if a court would not have had subject matter jurisdiction to decide that claim in the first suit involving the same cause of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 317 (1998). " 'Subject matter jurisdiction refers to the court's power "to hear and determine cases of the general class to which the proceeding in question belongs." ' " *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 27 (quoting *In re M.W.*, 232 Ill. 2d 408, 415 (2009), quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)).

¶ 21    The following constitutional and statutory provisions set forth the subject matter jurisdiction of the circuit court and the appellate court in cases of administrative review. Section 9 of article VI of the Illinois Constitution of 1970 provides in pertinent part as follows:

> "Circuit courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction ***. Circuit courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, § 9.

Section 3-104 of the Administrative Review Law provides in pertinent part as follows:

> "Jurisdiction to review final administrative decisions is vested in the Circuit Courts, except as to a final order of the Illinois Educational Labor Relations Board ***." 735 ILCS 5/3-104 (West 2010).

¶ 22    Section 6 of article VI of the Illinois Constitution of 1970 provides in pertinent part that "[a]ppeals from final judgments of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located. *** The Appellate Court shall have such powers of direct review of administrative action as provided by law." Ill. Const. 1970, art. VI, § 6.

Section 3-112 of the Administrative Review Law provides as follows:

> "A final decision, order, or judgment of the Circuit Court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases." 735 ILCS 5/3-112 (West 2010).

¶ 23    Contrary to the plaintiff's position, the limitations on administrative review do not preclude the application of the doctrine of *res judicata*. "In Illinois, administrative decisions have *res judicata* and collateral estoppel effect where a department's determination is made in proceedings that are adjudicatory, judicial, or quasi-judicial in nature." *Marco v. Doherty*, 276 Ill. App. 3d 121, 124-25 (1995). " 'It is well established that *res judicata* can preclude litigation of causes of action or issues already addressed in an administrative proceeding that is judicial in nature.' " *Crossroads Ford Truck Sales, Inc.*, 2011 IL 111611, ¶ 56 (quoting *Osborne v. Kelly*, 207 Ill. App. 3d 488, 491 (1991)). In *Osborne*, the reviewing court held that an administrative decision finding that the plaintiff was ineligible for unemployment compensation based on his voluntary termination of his employment barred the plaintiff's

retaliatory discharge lawsuit on the grounds of collateral estoppel. *Osborne*, 207 Ill. App. 3d at 492; see *Edwards v. City of Quincy*, 124 Ill. App. 3d 1004 (1984) (the plaintiffs' lawsuit for damages based on denial of building permit was barred by *res judicata*).

¶ 24 The plaintiff's reliance on *Reichert v. Court of Claims*, 203 Ill. 2d 257 (2003), and *Northwestern Institute of Foot Surgery & Chiropody v. Thompson*, 386 Ill. 615 (1944), is misplaced. In *Reichert*, the plaintiff sought review by writ of *certiorari* of a decision by the Court of Claims limiting the amount of his damages. There was no issue as to the jurisdiction of the Court of Claims. Rather, the supreme court held that the writ was premature because no final judgment had been rendered by the Court of Claims. See *Reichert*, 203 Ill. 2d at 262-63. In *Northwestern Institute of Foot Surgery & Chiropody* the supreme court held that the order before it was not reviewable by a writ of *certiorari*. Moreover, a case was not directly appealable to the supreme court unless it involved a constitutional question. As no constitutional questions were raised or passed on by the trial court, the court transferred the case to the appellate court. See *Northwestern Institute of Foot Surgery & Chiropody*, 386 Ill. at 619-20.

¶ 25 The plaintiff points to the supreme court's statement in *Northwestern Institute of Foot Surgery & Chiropody*, that in reviewing an order of an administrative agency, the court's "jurisdiction is limited to a determination from the record of the question whether such administrative agency acted within its powers and jurisdiction." *Northwestern Institute of Foot Surgery & Chiropody*, 386 Ill. at 618. However, the court was referring to the limitations placed on its review of an administrative decision and not its subject matter jurisdiction.

¶ 26 The plaintiff then maintains that *res judicata* does not bar his claims because the burdens of proof applicable in the two actions are different. In support of his argument, the plaintiff relies on *People v. 1995 Ford Van*, 348 Ill. App. 3d 303 (2004), and *People v. One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d 640 (1993). Both cases involved civil forfeiture actions by the State after the defendants had been acquitted in the related criminal cases. In both cases, the reviewing court held that collateral estoppel did not bar the forfeiture because the forfeiture was a civil proceeding with a lower burden of proof than the criminal case. See *1995 Ford Van*, 348 Ill. App. 3d at 309; *One 1979 Chevrolet C-20 Van*, 248 Ill. App. 3d at 644. In the present case, both the actions are civil proceedings. Therefore, these cases provide no guidance for us.

¶ 27 Since the circuit court and this court had subject matter jurisdiction and the denial of leave to appeal by the supreme court terminated the litigation between the parties in *Dookeran I*, we conclude that there was a final judgment on the merits by a court of competent jurisdiction.

¶ 28                              2. *Identity of the Cause of Action*

¶ 29 The plaintiff contends that the claims raised in the administrative proceeding differed from the retaliatory discharge and breach of contract claims he presented in his civil lawsuit. He argues that he could not be awarded damages in the administrative review proceeding.

¶ 30 In *Dookeran I*, the plaintiff sought review of the denial of his reappointment application,

alleging that the Board's decision was arbitrary, capricious and/or unreasonable and not supported by the record. In affirming the Board's decision, this court determined that there was ample evidence that the plaintiff's conduct warranted a sanction. We upheld the denial of his reappointment application, the sanction that the Board had determined to be reasonable and within Stroger's bylaws. *Dookeran I*, 396 Ill. App. 3d at 820.

¶ 31 In count I of the third amended complaint, the plaintiff alleged that the County recommended that his reappointment application be denied in retaliation for his reporting of serious problems and unethical practices occurring at Stroger Hospital. In count III, the plaintiff alleged that the County's violation of the bylaws breached its contract of employment with the plaintiff.

¶ 32 In *River Park, Inc.*, our supreme court adopted the transactional test to determine the identity of causes of action for *res judicata* purposes. "The 'transactional' test provides that 'the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.' [Citation.]" (Internal quotation marks omitted.) *River Park, Inc.*, 184 Ill. 2d at 307 (quoting *Rodgers v. St. Mary's Hospital of Decatur*, 149 Ill. 2d 302, 312 (1992), quoting *Pfeiffer v. William Wrigley Jr. Co.*, 139 Ill App. 3d 320, 323 (1985), quoting *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill. App. 3d 59, 64 (1979)).

¶ 33 The "single group of operative facts common to both" the plaintiff's writ of *certiorari* and his civil complaint is that the denial of his reappointment to the Stroger medical staff was the result of an investigation into allegations that he failed to disclose prior disciplinary action taken against him and that he was verbally abusive to residents and other staff members. These facts form the basis of his claims in the writ for *certiorari* and his claims of retaliatory discharge and breach of contract in his civil suit.

¶ 34 The plaintiff relies on *Nowak v. St. Rita High School*, 197 Ill. 2d 381 (2001). In *Nowak*, the supreme court determined fundamental fairness barred the application of *res judicata*. In accordance with the transactional test, the plaintiff had raised his state claim in his federal lawsuit, but the federal court dismissed the state claim for lack of jurisdiction. The court recognized that *res judicata* would not bar an independent claim of part of the same cause of action where the court in the first action reserved the plaintiff's right to maintain the action or if the restriction on subject matter jurisdiction prevented the plaintiff from obtaining relief on his claim. The court found that by dismissing the tenure claim for lack of jurisdiction, the district court "in effect" reserved the plaintiff's right to pursue the action in state court. *Nowak*, 197 Ill. 2d at 392-93.

¶ 35 Unlike the plaintiff in *Nowak*, the plaintiff here failed to raise his retaliatory discharge and breach of contract claims at any time during the administrative review proceedings as required under the transactional test. Therefore, there was no finding that jurisdiction of these claims was lacking so as to prevent the plaintiff from obtaining relief on his claim or that these claims had been reserved in order to be raised in another suit. Moreover, the decision in *Nowak* resulted from the court's determination that fundamental fairness barred the application of *res judicata*, regardless of whether the elements of *res judicata* had been satisfied.

¶ 36     The plaintiff also relies on *Kennedy v. Four Boys Labor Service, Inc.*, 276 Ill. App. 3d 248 (1995). In *Kennedy*, a Department of Employment Security referee found that the plaintiff had left work voluntarily, but he was eligible for unemployment benefits because he was deemed physically unable to work. The appellate court held that *res judicata* did not bar the plaintiff's subsequent breach of contract claim against the defendant. The fact that the plaintiff had voluntarily left his employment on the advice of his physician was not the same issue raised by the plaintiff's breach of contract claim, which alleged that the defendant terminated him without proper notice and without paying him commissions. Moreover, the plaintiff prevailed against the defendant in his employment claim and was awarded benefits. Therefore, the court was not required to "extract" the referee's finding that the plaintiff left his employment "voluntarily" and use that statement against the plaintiff in a separate proceeding.

¶ 37     Initially, we note that *Kennedy* was decided prior to the decision in *River Park, Inc.* adopting the transactional test for determining the identity of the cause of action. The plaintiff argues that there is no indication that *Kennedy* was overruled by *River Park, Inc.* In any event, we do not find *Kennedy* controlling. The outcome of the administrative proceedings here was the determination that there was sufficient evidence for the imposition of sanctions and that the denial of the plaintiff's reappointment was the proper sanction for his failure to report a prior reprimand and for improper conduct. The plaintiff's civil suit claimed that proceedings before the hearing committee were a sham, and that in the process leading up to the imposition of the sanction, the Stroger bylaws were violated. Both actions involved the same issue: whether the denial of the plaintiff's reappointment to the Stroger staff was proper.

¶ 38     Moreover, the plaintiff could have raised these claims during the proceedings before the hearing board as they concerned the conduct of the hearing and the motivation for the charges brought against him. However, he failed to do so. See *Westmeyer v. Flynn*, 382 Ill. App. 3d 952, 955 (2008) (*res judicata* bars issues that could have been raised as well as those that were litigated in the prior suit).

¶ 39     We conclude that under the transactional test, the claims in the plaintiff's writ of *certiorari* and his retaliatory discharge and breach of contract claims are the same cause of action for purposes of *res judicata*.

¶ 40                                    3. *Same Parties*

¶ 41     The third element of *res judicata* is that the parties in both actions are identical or in privity. Counts I and III of the third amended complaint were brought solely against the County. As the County was also the defendant in the writ of *certiorari* proceeding, the identity between the parties element is satisfied as to counts I and III of the third amended complaint. See *Doe v. Gleicher*, 393 Ill. App. 3d 31, 39 (2009) (no argument as the identity between the parties to the suit where they are the same in both cases).

¶ 42                                 B. Fundamental Fairness

¶ 43     The plaintiff contends that even if the elements of *res judicata* have been established, its

application would be unjust in this case. A court should not apply *res judicata* where it would be fundamentally unfair to do so. *Piagentini*, 387 Ill. App. 3d at 890; see *Nowak*, 197 Ill. 2d at 393-94 ("The doctrine of *res judicata* need not be applied in a manner inconsistent with fundamental fairness.").

¶ 44 The plaintiff maintains that he never had a full and fair opportunity to present his claims for retaliatory discharge and breach of contract in a neutral forum. He further maintains that fairness requires that his claims be evaluated by a fair and impartial jury under the proper preponderance of evidence standard.

¶ 45 The record reflects that the plaintiff requested and received a full hearing on the validity of the charges against him. The plaintiff admitted that he did not disclose the letter of reprimand on his 2002 reappointment application. The plaintiff called witnesses to contradict the claims that he was abusive and unprofessional in his dealings with the Stroger residents and staff and to testify as to his character. The plaintiff himself testified disputing the accounts of his behavior and maintaining that some of the complaints against him were motivated by economic concerns at Stroger. While the plaintiff maintains that the hearing conducted by the committee was controlled by the defendants and amounted to a sham proceeding, he failed to raise the unfairness of the proceedings, either at the time of the hearing or in his writ of *certiorari* to the circuit court. Therefore, the claim is untimely and for that reason is forfeited. See *North Avenue Properties, L.L.C. v. Zoning Board of Appeals*, 312 Ill. App. 3d 182, 187-88 (2000).

¶ 46 The plaintiff's retaliatory discharge and breach of claims raised in his third amended complaint were addressed in the administrative proceedings and resolved against him. Count I alleged that the denial of his application for reappointment was in retaliation for his complaints, and count III alleged that the County breached his contract by failing to comply with the Stroger bylaws. However, the Stroger bylaws provided that the plaintiff's admitted failure to disclose the letter of reprimand may be grounds for his termination. Since the County had the right to impose that sanction, the true motive for imposing it was immaterial. See *Maimon v. Sisters of the Third Order of St. Francis*, 142 Ill. App. 3d 306, 312 (1986) ("where one exercises a legal right only, the motive which actuates him is immaterial").

¶ 47 The plaintiff's reliance on *Talarico v. Dunlap*, 177 Ill. 2d 185 (1997), is misplaced. In *Talarico*, the supreme court determined that even though the elements of collateral estoppel had been established, it was unfair to apply it where the plaintiff lacked "the incentive to litigate" the issue in the prior proceeding. In the first action, the plaintiff was charged with several felonies in connection with his physical attack on the victim. In accordance with a plea agreement, he pleaded guilty to two misdemeanor counts and was sentenced to one-year misdemeanor probation and ordered to undergo psychiatric counseling. In the second action, the plaintiff sued his doctor alleging that he was prescribed medication with known side effects, which subjected the plaintiff to unnecessary risks. The circuit court granted summary judgment to the defendant, but the appellate court reversed.

¶ 48 On further review, the supreme court upheld the reversal of summary judgment. The court found that the significant reduction in the charges and sentence, the unforseeability of future civil liability, the mitigating evidence considered by the trial court, including the use

of the medication, "combine to rebut the inference that [the plaintiff's] admission on the issues of intent and knowledge was treated by him with entire seriousness. We believe that the incentive to litigate the criminal offense was not fully present here. Therefore, collateral estoppel should not apply." *Talarico*, 177 Ill. 2d at 198. The supreme court cautioned that the application of collateral estoppel must be done on a case-by-case basis and that its decision in *Talarico* was based on the particular facts of that case. *Talarico*, 177 Ill. 2d at 200.

¶ 49　　The facts in *Talarico* that led the court to conclude that the plaintiff had no incentive to litigate are not present in the case before us. The plaintiff maintains that he had no incentive to litigate his claims at the administrative hearing because the proceedings were unfair and the outcome was predetermined. However, as we stated previously, the plaintiff forfeited his claim that the administrative proceedings were unfair. Our own review of those proceedings demonstrated that the plaintiff had the opportunity to and did litigate the issue of the denial of his reappointment application, which was the basis for his claims in the civil action he brought against the defendants.

¶ 50　　Likewise, the decision in *Van Milligan v. Board of Fire & Police Commissioners*, 158 Ill. 2d 85 (1994), relied on by the plaintiff, is distinguishable. In that case, the reviewing court determined that it would be unfair to apply offensive collateral estoppel to bar the plaintiff from presenting evidence from a federal civil rights suit against him at his disciplinary hearing, resulting from the federal suit. The plaintiff 's "substantial interest in a full hearing, where the grounds for any discipline imposed will be *fully and fairly* litigated, militates against the application of principles of offensive collateral estoppel in this case." (Emphasis in original.) *Van Milligan*, 158 Ill. 2d at 97. Unlike the plaintiff in that case, the issue of the plaintiff's misconduct and the appropriateness of the sanction imposed on him were fully litigated.

¶ 51　　　　　　　　　　　　　　C. Defamation

¶ 52　　We need not determine whether *res judicata* barred the plaintiff's defamation claim. A reviewing court can sustain the decision of the circuit court on any grounds that are called for by the record. *Canada Life Assurance Co. v. Salwan*, 353 Ill. App. 3d 74, 79 (2004) This court affirmed the denial of the plaintiff's reappointment on both his failure to disclose the Mercy Hospital reprimand and his improper conduct. The information reported to the National Data Bank was true and was a complete defense to the plaintiff's defamation claim. See *Emery v. Northeast Illinois Regional Commuter R.R. Corp.*, 377 Ill. App. 3d 1013, 1030 (2007) (recognizing that truth is an absolute defense to defamation). Summary judgment on count II was proper. See *Illinois Non-Profit Risk Management Ass'n v. Human Resource Center of Southern Metro-East*, 378 Ill. App. 3d 713, 721-22 (2008) (even if *res judicata* did not bar breach of fiduciary duty claim, action was properly dismissed where the allegations failed to establish that such a duty was owed).

¶ 53　　　　　　　　　　　　　　CONCLUSION

¶ 54　　We conclude that *res judicata* barred the plaintiff's retaliatory and breach of contract

claims in his civil suit and that the record contained a complete defense to his defamation claim. We further conclude that the administrative proceedings afforded the plaintiff a full and fair opportunity to litigate the charges against him and therefore, fundamental fairness did not bar the application of *res judicata*.

¶ 55  The circuit court's grant of summary judgment to the defendants is affirmed.

¶ 56  Affirmed.