NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190057-U

NO. 4-19-0057

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| DANNY PEDIGO, WANDA PEDIGO, TONY CAPRANICA, and LINDA CAPRANICA, | ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellants, | ) | Sangamon County |
| v. | ) | No. 13MR975 |
| WAYNE ROSENTHAL, in His Official Capacity as | ) | |
| Director of Natural Resources, | ) | Honorable |
| Defendant-Appellee. | ) | Brian T. Otwell, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court properly granted the Department's motion to dismiss where plaintiffs' claims were barred by *res judicata*.

¶ 2    Plaintiffs, Danny Pedigo, Wanda Pedigo, Tony Capranica, and Linda Capranica, brought a complaint in *mandamus* against defendant, Wayne Rosenthal, in his official capacity as Director of the Illinois Department of Natural Resources (Department), to compel eminent domain proceedings to determine the amount of compensation to which plaintiffs are entitled for the Department's taking of certain parcels of property for public use in the construction of a bike trail on an old railroad right of way. Despite the caption of the complaint as one against Rosenthal, the complaint makes no allegations against him either individually or as director of

the Department but only makes allegations against the Department and asks for relief requesting Rosenthal be ordered to institute eminent domain proceedings.

¶ 3       The Department filed a motion to dismiss the complaint, arguing plaintiffs' complaint was barred by the doctrine of *res judicata*, and the trial court granted the motion to dismiss. We affirm the trial court's judgment granting defendant's motion to dismiss.

¶ 4                                  I. BACKGROUND

¶ 5       The origins of this dispute can be traced to February 6, 2001, when the Department filed a complaint for condemnation proceedings against plaintiffs. The Department sought fee simple title to plaintiffs' property for the acquisition, development, and construction of the Chatham Trail Bikeway, a seven-mile bike trail from Chatham to Springfield. The trial court found the whole of the property to be condemned was only a very small amount of land constituting 0.9 acres, of which the Department was bringing proceedings to acquire title to only 0.147 acres. On appeal, this court found the trial court erred and the 0.9 acre parcel was really a part of a whole property of 58.89 acres. We reversed and remanded for the trial court to assess damages caused to the remainder of plaintiffs' 58.89 acres. *Illinois Department of Natural Resources v. Pedigo*, 348 Ill. App. 3d 1044, 1050, 811 N.E.2d 761, 766-67 (2004). Upon remand, a jury awarded damages of $25,000 to plaintiffs for the value of the 0.147 acres of land taken and the damage to the remaining 58.89 acres. This amount was affirmed on appeal. *Department of Natural Resources, State of Illinois v. Pedigo*, No. 4-06-0259 (Apr. 18, 2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6                    A. Sangamon County case No. 07-MR-561

¶ 7       In October 2007, plaintiffs filed a five-count complaint for *mandamus*. Plaintiffs alleged the Department (1) took the remainder of the 0.9 acre portion of plaintiffs' property as a

drainage ditch for the bike trail; (2) allowed the construction of the bike trail without provision for either of two farm crossing easements over the bike trail; (3) allowed the construction of the bike trail without allowing plaintiffs their right of way to cross at convenient places; (4) took (a) their right to natural drainage to their land, (b) their right to have no damage to their land, and (c) the benefit and advantage of having a railway on a strip of their land; and (5) denied them the privilege of using part of a strip of their land for roadway purposes at the entrance to their property. In March 2008, plaintiffs filed an amended complaint for *mandamus* relief and the Department filed a motion to dismiss, which the trial court granted. Plaintiffs appealed.

¶ 8        In January 2013, this court affirmed the trial court's judgment, finding "plaintiffs' allegations of damages they suffered, which did not claim actual physical takings of property, did not establish a right to eminent domain proceedings in the circuit court and were required to be brought in the Court of Claims." We further found "[s]everal, if not all, of plaintiffs' counts in their complaint did not set forth enough facts for any relief to be considered or granted." *Pedigo v. Flood*, 2013 IL App (4th) 120023-U, ¶¶ 24-25.

¶ 9                          B. Current Proceedings

¶ 10        In November 2013, plaintiffs initiated this suit with the filing of a complaint in *mandamus* alleging the construction of the Chatham Trail Bikeway was not limited to the 0.147 acres taken by the Department but included all of the land and property rights pertaining to plaintiffs' 0.9 acre parcel. Plaintiffs sought an order directing the current director of the Department to institute eminent domain proceedings.

¶ 11        In January 2014, the Department filed a motion to dismiss plaintiffs' complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2012)) and a memorandum in support of its motion. The Department argued plaintiffs' complaint

was barred by *res judicata* as the complaint presented identical claims which were previously adjudicated. The Department further argued plaintiffs' attempt to allege new facts were similarly barred by *res judicata* as plaintiffs had an opportunity to raise those allegations in prior proceedings.

¶ 12        In January 2017, the trial court granted the Department's motion to dismiss, finding the allegations in plaintiffs' *mandamus* complaint "barred by the doctrine of *res judicata*." Plaintiffs filed a motion to reconsider. In May 2017, the trial court granted plaintiffs' motion and allowed plaintiffs leave to file an amended complaint in *mandamus*.

¶ 13        On September 1, 2017, plaintiffs filed a second amended complaint in *mandamus*. Plaintiffs alleged the Department physically took a 0.287 acre parcel (Area J) located within plaintiffs' aforementioned 0.9 acre parcel without payment of just compensation. Plaintiffs described the Area J parcel as consisting of land beyond the 0.147 acre parcel acquired by the Department. Further, as a result of the taking, plaintiffs alleged (1) the substantial impairment or loss of plaintiffs' previously existing right to cross the public bike path at convenient places, (2) the physical taking of access to a public roadway and to remaining land of the plaintiffs, and (3) the right to use a portion of a strip of land at the entrance of plaintiffs' property for roadway purposes.

¶ 14        On September 6, 2017, the Department filed a motion to dismiss plaintiffs' second amended complaint for *mandamus* relief. The motion and memorandum in support of the motion adopted the allegations of the Department's previously filed motion to dismiss and maintained plaintiffs' claims were barred by *res judicata*. In December 2018, the trial court granted the Department's motion to dismiss plaintiffs' complaint, finding "[i]t *** clear that many of the claims raised in the Complaint were indeed raised and decided in connection with

those matters." The court further found that "to the extent that claims regarding the land comprising Area J [were] not previously adjudicated, the claims regarding that parcel could have been raised in the Plaintiffs' complaint filed in October, 2007." The court found the claims "with respect to Area J appear to allege a damage to property rather than a taking."

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 On appeal, plaintiffs argue the trial court erred in granting the Department's motion to dismiss their second amended complaint in *mandamus* based on *res judicata*. The Department maintains the court's decision was proper and contends that the instant cause arises out of the same core of operative facts as plaintiffs' complaint in Sangamon County case No. 07-MR-561. Orders dismissing an action pursuant to either section 2-615 or section 2-619 of the Code are reviewed *de novo*. *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 7, 960 N.E.2d 18.

¶ 18 "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *River Park, Inc. v. Highland Park*, 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889 (1998).

> " 'The purpose of *res judicata* is to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also [to] prevent[ ] the unjust burden that would result if a party could be forced to relitigate what is essentially the same case.' " *Id.* at 319 (quoting *Henstein v. Buschbach*, 248 Ill. App. 3d 1010, 1015-16, 618 N.E.2d 1042, 1046 (1993)).

¶ 19    It is well established that *res judicata* bars not only matters that were decided in the first action, but all matters that could have been decided in that action. *Id.* at 302.

> "For the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *Id.* (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74, 642 N.E.2d 456, 458 (1994)).

We analyze the three requirements below.

¶ 20    First, we analyze whether a final judgment on the merits was entered in plaintiffs' prior case. A judgment is final when it terminates the litigation and fixes absolutely the rights of the parties, leaving only enforcement of the judgment. *A & R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 17, 124 N.E.3d 962. "For purposes of *res judicata*, a judgment is not final until the possibility of appellate review has been exhausted." (Internal quotation marks omitted.) *Dookeran v. County of Cook*, 2013 IL App (1st) 111095, ¶ 18, 987 N.E.2d 826.

¶ 21    A final judgment on the merits was entered in Sangamon County case No. 07-MR-561. On April 27, 2011, the trial court granted the Department's motion to dismiss plaintiffs' complaint in *mandamus*. See *Pedigo*, 2013 IL App (4th) 120023-U, ¶ 12. Plaintiffs appealed and in January 2013, this court affirmed the trial court's judgment. *Id.* ¶ 28. In May 2013, the Illinois Supreme Court denied plaintiffs' petition for leave to appeal. Thus, we find the first requirement for applying *res judicata* met where a final judgment on the merits was entered in plaintiffs' prior case.

¶ 22    Second, we analyze whether there is an identity between plaintiffs' present cause of action and their cause of action in Sangamon County case No. 07-MR-561. "A cause of action

- 6 -

is defined by the facts which give a plaintiff a right to relief." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 338, 665 N.E.2d 1199, 1206 (1996). In determining whether actions are the same for *res judicata* purposes, Illinois courts apply the transactional test. *River Park, Inc.*, 184 Ill. 2d at 310-11. Under this approach, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* at 311.

¶ 23　　　　Plaintiffs' present cause of action is based on the same operative facts as plaintiffs' cause of action in their prior case. In Sangamon County case No. 07-MR-561, plaintiffs sought *mandamus* relief, arguing on appeal the trial court should not have granted the Department's motion to dismiss because the Department (1) took the remainder of the 0.9 acre portion of their property as a drainage ditch for the Chatham Trail Bikeway, (2) allowed the construction of the bikeway without provision for two farm crossings, (3) allowed the construction of the bikeway without allowing plaintiffs their right of way to cross at convenient places, and (4) took plaintiffs' privilege to use a strip of land at the entrance to their property for roadway purposes by allowing the construction of the bikeway. See *Pedigo*, 2013 IL App (4th) 120023-U, ¶¶ 8-10.

¶ 24　　　　Here, as in Sangamon County case No. 07-MR-561, plaintiffs again sought *mandamus* relief and argued (1) major portions of Area J, a 0.287 acre portion within plaintiffs' 0.9 acre parcel, consisted of either the slope or drainage course of the Chatham Trail Bikeway, (2) portions of vegetation in Area J were caused to be "sprayed and killed," (3) the physical taking of two farm crossings, (4) substantial loss or impairment of plaintiffs' right to cross the bikeway at convenient places, and (5) the Department took plaintiffs' right to use a strip of land at the entrance of their property "for roadway purposes."

¶ 25        We find plaintiffs' present cause of action is based on the same cause of action in Sangamon County case No. 07-MR-561, where the causes of action arise from the same core of operative facts. Like Sangamon County case No. 07-MR-561, plaintiffs' present cause of action sought to compel eminent domain proceedings based on the same alleged takings by the Department of the same property and related property rights. We find the second requirement for applying *res judicata* was met where there is an identity of cause of action between plaintiffs' present cause of action and plaintiffs' cause of action in plaintiffs' prior case.

¶ 26        Nonetheless, plaintiffs contend they were unable to assert a physical taking in Sangamon County case No. 07-MR-561, thus barring application of *res judicata*, because the Department was free to abandon the taking up until it opened the bikeway to the public on October 25, 2009, and plaintiffs were unaware of the bikeway's opening until "approximately July 4, 2013." We disagree. Plaintiffs offer no reason for the delay other than being unaware of the bikeway's opening before reading about it in a newspaper article in July 2013. Nothing precluded plaintiffs from discovering those facts sooner. Whether plaintiffs were entitled to eminent domain proceedings for the taking and damaging of their property due to the construction of the Chatham Trail Bikeway was an element of the cause of action in Sangamon County case No. 07-MR-561. As the Department points out, prior to the trial court's dismissal of the matter on April 27, 2011, plaintiffs could have investigated the property and sought to amend their complaint and litigated the issue. For whatever reason, plaintiffs elected not to do so. Permitting them to proceed on that basis now would amount to a second bite at the apple. See *Arvia v. Madigan*, 209 Ill. 2d 520, 534, 809 N.E.2d 88, 98 (2004) ("*[R]es judicata* prevents a party from taking two bites out of the same apple.").

¶ 27       As to the third element, the parties are the same and there is no dispute over whether there is an identity of parties or their privies. Because all requirements are met, we find plaintiffs' claims barred by *res judicata*. The trial court properly granted the Department's motion to dismiss plaintiffs' second amended complaint for *mandamus* relief.

¶ 28                                    III. CONCLUSION

¶ 29       We affirm the trial court's judgment.

¶ 30       Affirmed.